Henderson, Judge
 

 — This bill is filed by one who claims to be a creditor of the firm of
 
 Donaldson, McMillan
 
 &
 
 Company,
 
 and also the assignee of
 
 Thorium,
 
 the sawing partner of that firm. Its object is, to reach certain real estates, mortgaged or conveyed in trust by McMillan, one of the partners, to secure an individual debt, before that time owing by him, to the Defendant— the Cape Fear Bank. It alleges, and it is admitted in the answers, that some of the land was held by the co-partnership under legal titles, vesting the estate in it.— Tim bill also alleges, that there were other lands, the legal title whereof ivas in
 
 McMillan',
 
 but that he held them in trust for the firm, having purchased them with the copartnership.funds, and for its benefit. The Defendants put the Plaintiff upon proof of this trust, and allege that if there was one, they are purchasers for value, and without notice. ■
 

 
 *106
 
 As to that part of the property, the legal title of which is in the company, the Defendant has not the shadow of a claim, until the debts of the firm are paid. Property thus entirely unlike an ordinaryjoint tenancy. The parties have no moieties ; the property resides in the
 
 company,
 
 not in the individual copartners. Each has only a contingent right to a part, after the debts are paid, and the copartnership ended
 
 ;
 
 and therefore the
 
 transfer
 
 of one of the partners only passes that contingent right. The copartnership takes the entirety, to pass any thing bnt the contingent right, that is to pass the estate, the firm must convey, for that is the owner. It is something like an estate, granted to husband and wife;
 
 they
 
 take by entireties, and not by moieties. If the husband grants one half, or the whole, nothing passes but by estoppel, and if the wife survives him, she takes the whole, notwithstanding the grant, of the husband, for she is not bound by his estoppel. If therefore,
 
 McMillan
 
 is indebted
 
 to
 
 the firm, to the value of this property, the Defendant can claim nothing, until the debt is satisfied. If the land, the legal title to which vested in
 
 McMillan,
 
 was not held by him in trust for the copartnership, very clearly the Plaintiff has no right. If it was so held, the Defendant took it, subject to that trust, unless ho discharges himself from it. He says that he is a purchaser for value, without notice. From the case, as it appears at present, I am inclined to think, that the Defendant, the Bank, is not a purchaser for value, but a mere incum-brancer. For what value did the Bank pay for the trust? Nothing; it was to secure a debt contracted, before the trust was contemplated. As regards expenditure, the Bank stood after, as it did before the deed. Had the Bank purchased with an antecedent debt, and no matter how old, (I use the word
 
 purchased
 
 in its vulgar sense) the extinguishment of the debt would have been value sufficient. Here the debt remains, as it was before the conveyance. Had the Bank even released endorsers, I presume it would have been sufficient.
 

 
 *107
 
 But the Court cannot decree for the Plaintiff as a creditor, because he has not obtained a judgment; he cannot pursue the property in the hands of the Bank,without obtaining a lien upon it. lie appears as amere creditor, and nothing is clearer than that a mere creditor cannot pursue his debtor’s property in the hands of a third person. Nor can he sustain his claim as assignee to
 
 McMillan’s
 
 part of the property, held by the copartnership, without showing that
 
 McMillan
 
 was indebted to it. However strong the evidence of this fact may be, unless the personal representatives of
 
 McMillan
 
 are before the Court, we cannot examine into it. His insolvency and intestacy will not do in a case like this, for upon his indebtedness, depends the Plaintiff’s right. Neither is the Defendant prepared for a hearing. It is quite probable, indeed I am almost satisfied of the fact from the uniform practice, that the Bank had indorsers for
 
 McMillan’s
 
 debt, who were discharged upon taking the trust, dr mortgage. I am unwilling therefore, in a case so important as this, finally to decide it, in its present state; but would recommend, that it be remanded, for the purpose of making amendments, and preparing proofs.
 

 Per Curiam.
 

 — Let the cause be remanded to the Court below, each party paying their own costs in this Court.
 

 (fj” Upon the respectivo rights of the copartnership anti of the several copartners, vide the following cases:
 
 Fox
 
 v.
 
 Hanbury, Cowp.
 
 449 — West v.
 
 Skip, 2 Ves.
 
 239, better reported by the name
 
 of Skip
 
 v.
 
 Harwood, 2 Swanston 586
 
 — Hankey v.
 
 Garret,
 
 1
 
 Ves. jr. 236
 
 — Field v. - 4
 
 Ves. 396
 
 — Eddie
 
 v. Davidson, Doug. 650
 
 — Campbell v.
 
 Mullett,
 
 2
 
 Swanston 551
 
 — Sheriff v.
 
 Wilkes,
 
 1
 
 East. 4,3
 
 — The King v.
 
 Rock,
 
 2
 
 Price, 198
 
 — In
 
 Re Wait.
 
 1
 
 Jac.
 
 &
 
 Walk. 585
 
 — Moody
 
 v. Paine, 2 John. Ch. 648
 
 — Nicholl v.
 
 Vandewater,
 
 4
 
 Do. 522
 
 — Waters v.
 
 Taylor,
 
 2 Ves. &
 
 Bea.
 
 299.