# CASES ADJUDGED

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

EGBERT CARY, Respondent, *v.* JOHN P. WHITE and JANE WHITE, impleaded, &c., Appellants.

(GENERAL TERM, THIRD DEPARTMENT, JANUARY, 1872.)

If a mortgage given to secure an existing indebtedness extends the time for its payment, there is a new consideration, making the mortgagee a purchaser for value under the recording act.

Where the mortgagor secured his indebtedness by a mortgage which postponed the time of payment for six months, but was upon land already conveyed by the mortgagor, *Held*, the mortgagee having no knowledge or constructive notice of the deed, that he need not repudiate the mortgage for fraud and proceed on the original indebtedness, but might foreclose.

The conveyance was made by the mortgagor through a third person to his wife, and she continued to occupy the property with him, and was so occupying at the time of the execution of the mortgage,—*Held*, that the mortgagee was not charged with notice of her title by reason of possession.

THE action was brought for the foreclosure of a mortgage made by John White, deceased, to the plaintiff to secure the payment of $1,000 six months after date, and bearing date November 24, 1868.

The mortgage was recorded on the same day in the clerk's office of Cortland county, in which county the mortgaged

premises were situated. The action was tried at the Cortland County Circuit in December, 1870, without a jury. It appeared that on the 21st of October, 1866, the mortgagor was the owner of the premises described in the complaint, and on that day executed a deed of the same to his son, John P. White, without any consideration. That on the same day John P. White conveyed to Jane White, his mother. The mortgagor, in 1861, had received $700 of his wife, being her separate property. The deed was executed in part payment of this sum and partly as a gift, the mortgagor not being indebted at the time, except as aforesaid and in a debt of $1,500 due his son. These deeds were not recorded, but delivered to the grantee and kept by her until March, 1868, when her husband, without her consent, destroyed them.

John White entered into the produce business with Cary, Medcalfe & Co., of which firm plaintiff was a member, and, being indebted to them, without the knowledge, approbation or consent of his wife, executed the mortgage in question for and in behalf of the firm. The plaintiff had no knowledge or notice of the unrecorded deeds. The judge, among other things, found in favor of the plaintiff, and that the plaintiff having taken a bond for $1,000 of the indebtedness of John White to the firm of Cary, Medcalfe & Co., payable six months after date, for and in behalf of the firm, of which he was a member, and this mortgage to secure it, and the firm having approved and adopted the transaction, their immediate right to sue and enforce collection of the indebtedness was suspended for six months; that they, by the transaction, surrendered that right which constituted the plaintiff a mortgagee in good faith for a valuable consideration; that the plaintiff being such, and having procured his mortgage to be recorded in the county where the land is situated, without knowledge or notice of the existence of the unrecorded deed to the defendant Jane, his mortgage was entitled to preference over said deed under the recording act, and he was entitled to the usual judgment of foreclosure and sale of the premises described in the complaint, with costs and disburse-

ments to be taxed by the clerk of Cortland county, to be paid out of the avails of the sale.

A judgment was entered, and defendants, as administratrix and administrator of John White, deceased, appealed.

*Duell & Foster,* for the plaintiff and respondent.

*A. P. Smith,* for the defendant and appellant.

Present—MILLER, P. J., P. POTTER and PARKER, JJ.

By the Court—MILLER, P. J.   The plaintiff in this action took the mortgage in question in his own name for a debt due the firm of which he was a member, without knowledge of the existence of the conveyances, one of which was made by the mortgagor to his son, and the other by said son to the wife of the mortgagor, the defendant, Jane White ; said conveyance never having been recorded, but destroyed by the mortgagor prior to the execution of the mortgage.   The bond was payable six months after date, and the firm approved and adopted the security.   The question to be determined is, whether the plaintiff was a mortgagee in good faith and for a valuable consideration, as against the unrecorded conveyances, one of which was made by the mortgagor to his son, and the other by the son to the defendant, Jane White.   The recording act requires conveyances to be recorded, and when not recorded they are void as against a subsequent purchaser in good faith for a valuable consideration.   (1 R. S., 756, § 1.) A mortgagee stands in the same position as a purchaser, within the statute cited.   But to constitute a purchaser within the meaning of the act, the party must not only have received the conveyance without notice of the prior unrecorded deed, but he must have received it upon some new consideration or must have surrendered some security or important right. (*Webster* v. *Van Steenbergh,* 46 Barb., 211 ; *Lawrence* v. *Clark,* 36 N. Y., 128.)   The surrender of a precedent debt is not enough.   In the case at bar the debt was due and the

Cary *v.* White.

time for its payment was extended for the period of six months by the terms of the bond. If this was a valid suspension of the power to collect the debt for the time named, then, according to the authorities, it was a sufficient, a new and present consideration, and constitutes the plaintiff a purchaser in good faith. (*Putnam* v. *Lewis*, 8 J. R., 389 ; *Pratt* v. *Coman*, 37 N. Y., 440 ; 5 Trans. App., 334 ; *Burns* v. *Rowland*, 40 Barb., 369 ; *Traders' Bank* v. *Bradner*, 43 id., 379.) These authorities are directly in point, and, I think, decisive.

The firm of which the plaintiff was a member parted with the right to collect the debt immediately, and this was enough to bring the plaintiff within the principle of the cases cited.

It is claimed that there is a distinction between the present case and those cited, which is supposed to be this : That inasmuch as the mortgagor had conveyed away the premises before the execution of the mortgage, he was guilty of a fraud which entitled the creditors whom the plaintiff represented to bring an action upon the original indebtedness without regard to the mortgage.

The mortgage was valid upon its face, and I think it can scarcely be claimed upon any legal ground that the plaintiff was bound to pursue the uncertain and doubtful remedy of establishing a fraud by enforcing the collection of the original debt. The plaintiff had no notice of the conveyances at the time or any knowledge of them, according to the evidence. How, then, could he proceed to the collection of the debt immediately without any knowledge of the fraud ? The plaintiff was lulled into silence by the security of the mortgage, and thereby prevented from enforcing the collection of his demand when perhaps the mortgagor was entirely solvent and able to pay, and it cannot well be claimed that after he had thus been delayed and the mortgage had become due he must be compelled to sue on the original consideration, claiming that the mortgage was fraudulent. The mortgagor at any rate would have been estopped from alleging any such fraud, and certainly the plaintiff was not bound to avail himself of

it when he had no knowledge on the subject. The plaintiff, then, was not to blame for relying upon his mortgage, and as the defendant Jane White is in fault for not having the deeds recorded, which would have put the plaintiff on his guard, she should suffer the consequences of her own neglect.

It may, perhaps, be questionable whether any fraud is shown in the execution of the mortgage, as that question was not a direct issue upon the trial, and hence does not directly arise.

As there was a new and present consideration in extending the time for the payment of the debt, it is not necessary to examine the cases cited by the defendant's counsel to the effect that where the mortgage is given to secure the payment of a precedent debt and no security is surrendered, the mortgagee is not a *bona fide* purchaser or encumbrancer for value.

I think that the judge committed no error in finding that the act of plaintiff in taking the bond and mortgage in his own name was approved by the firm. Nor was there any such possession of the defendant, Jane White, the wife of the mortgagor, as to constitute notice to subsequent purchasers of the title under which she now claims. The husband had been in possession long before he conveyed to his son and the wife acquired title, and the occupation continued the same after the conveyance. As the deeds were not recorded, the wife's remaining in possession was not notice to the plaintiff.

The decision of the court at the circuit was right, and the judgment must be affirmed with costs.

Judgment affirmed.