(92 Hun, 176.)

## DOIG v. HAVERLY et al.

(Supreme Court, General Term, Fourth Department. December 26, 1895.)

1. CHATTEL MORTGAGES—BONA FIDE MORTGAGEE—SECURING ANTECEDENT DEBT.
    One who takes a mortgage to secure an antecedent debt, though without knowledge of a prior mortgage on the same chattels, is not a mortgagee in good faith within Laws 1833, c. 279, § 1, declaring that a chattel mortgage is void as to subsequent mortgagees in good faith unless it is filed or immediate possession of the mortgaged chattels is given.

2. SAME—FAILURE TO FILE—SUBSEQUENT BONA FIDE MORTGAGEE.
    The operation of the rule that a chattel mortgage is void as to subsequent bona fide mortgagees unless filed cannot be avoided by evidence that at the time it was taken the mortgagor stated that he could not pay the mortgagee's claim, and would like further time; that he would give security on condition that the time be extended; and that thereupon the mortgage was taken, but the mortgage does not provide for an extension, and the evidence does not disclose any agreement to extend the time of payment for a definite period.

Appeal from circuit court, Delaware county.

Action by William C. Doig against Alonz A. Haverly, Alfred W. Wilcox, and William R. Kilpatrick for conversion. Defendants claim title to property by virtue of a chattel mortgage. The case was tried by the court, a jury having been waived. In the conclusions of law the trial judge found: "That, defendants' mortgage being prior in point of time, and being in full force and operation as against the plaintiff's mortgage, they had a prior right to the possession of the property in question, and to take and sell the same for the satisfaction of their debt. Therefore no cause of action accrued to the plaintiff by reason of such taking, and his complaint in this action must be dismissed, with costs." The complaint was accordingly dismissed, and plaintiff appeals. Affirmed.

The opinion of Mr. Justice PARKER at special term is as follows:

The defendants Haverly and Wilcox, on the 30th of November, 1891, took a chattel mortgage from one Thomas Milward to secure an indebtedness that had for some time existed from him to them. Milward was then living in the town of Tompkins, Delaware county, and such mortgage was filed in the town of Walton. No sufficient copy was ever filed in the town of Tompkins. Milward subsequently removed to the town of Walton, and a copy of such mortgage was refiled in that town December 1, 1892, and another copy was refiled in such town November 25, 1893. On the 2d day of June, 1893, the plaintiff, without actual knowledge of the defendants' mortgage, took from said Milward a chattel mortgage on the same property, to secure the payment of a note which he then held against Milward for the sum of $122.82. Such mortgage was filed on that day in the town of Walton, where Milward then resided, but it was never refiled. On the 18th of July, 1894, the defendants took the property described in such mortgages, and sold it for the satisfaction of their said debt, and the plaintiff brings this action to recover the value of the property so sold.

The question is, who has the better right to the mortgaged property? If the plaintiff was a mortgagee in good faith, the defendants' mortgage was utterly void as against him, because it had never been properly filed. Laws 1833, c. 279, § 1. And the fact that plaintiff's mortgage was not refiled within the year, and that on July 18, 1894, when defendants took the property, neither mortgage was properly on file, does not alter the case. Though defendants were creditors of the mortgagor at that time, they were not such creditors as could avail themselves of plaintiff's omission to refile his mortgage. They were not armed with any legal process which authorized them to seize the property. Button v. Rathbone, 126 N. Y. 187, 27 N. E. 266. But, the defendants' mortgage being prior in point of time, it gave them the prior right to the property, unless their omission to file it rendered it void as against plaintiff; and it did not become void under the statute unless plaintiff occupied the position of a subsequent mortgagee in good faith. It appears from his complaint that on or about May 17, 1893, he sold feed to Milward of the value of $122.82, and took his note for that amount, dated on that day, and payable in 90 days. On June 2, 1893, he took the mortgage in question, from which it also appears that the indebtedness was incurred as above stated, and that the mortgage was given to secure it. It seems clear, therefore, that the mortgage was given to secure a precedent debt, and for such reason he was not a bona fide mortgagee within the meaning of the statute. Jones v. Graham, 77 N. Y. 628; Button v. Rathbone, 126 N. Y. 187, 27 N. E. 266. The plaintiff, however, seeks to avoid the operation of this rule by testifying that at the time the mortgage was taken Milward said that he could not pay the note when it was due, and that he would like further time on the note, and he would give the security on the condition that the note was to be renewed, and thereupon the mortgage was taken. There is no extension of time provided for in the mortgage, nor does the evidence disclose that any valid agreement to extend for a definite period was ever concluded. Possibly Milward expected that the note would be renewed, but plaintiff does not testify that he agreed to do so, nor does the evidence show that he was under any contract to do so. Had he sued the note when it became due, no fact is disclosed that would have prevented his recovering judgment thereon, though probably he could not, in that event, have held the mortgaged property. Moreover, if there was a contract to extend for a definite period, on condition that the mortgage be given, we would hardly expect the mortgage to have been so drawn that the mortgagor would be in default on the very day the note became due. It does not appear that the plaintiff parted with any value, or gave up any right on the faith of the mortgage, and hence he is not a mortgagee in good faith. Cary v. White, 52 N. Y. 138. I conclude, therefore, that the defendants were entitled to the property in question as against the plaintiff, and that this action cannot be maintained.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Neish & More, for appellant.

A. G. Patterson, for respondents.

PER CURIAM.    At the close of the evidence given in the case the parties expressly waived a jury, and submitted the questions of fact and of law to the court.    Thereafter findings of fact were made, and a conclusion of law stated.    We are of the opinion that the evidence warranted the finding of fact made by the trial judge.    The questions of law are clearly and fully discussed in an opinion delivered by the trial judge, which meets with our approval, and we therefore affirm the judgment upon the opinion of the trial judge.

Judgment affirmed, with costs, on the opinion of PARKER, J., delivered at the circuit.