# W. W. HORTON v. WRIGHT, BARRETT, & STILLWELL COMPANY, a Corporation.

(162 N. W. 939.)

**Sale — absolute — conditional — evidence — conflicting — questions for jury.**

    1. Where evidence is conflicting as to whether the sale of certain personal property was absolute or conditional, the question is a proper one for the jury.

Note.—On pre-existing debt as consideration for mortgage as against other creditors or equities in case of extension of time or a new consideration, see note in 33 L.R.A. 305, subd. III., from which it appears that where the mortgagee is prejudiced in any manner at the time of making the mortgage for an antecedent debt,

Mortgage — mortgagee — notice — chattel mortgage — conditional sale — on property held under — knowledge of — by mortgagee — evidence of absolute sale — question for jury.

2. Where there is a conflict of testimony as to whether a sale is conditional or absolute, and one took a chattel mortgage on such property, and there is testimony showing that at the time he took such mortgage he had knowledge that the sale was conditional, and the mortgagee submits evidence showing it was an absolute sale, it is a proper question for the jury whether he took his mortgage without notice.

Mortgage — for value — definition and meaning of — past-due debt — renewed and extended — valid consideration.

3. Where a past-due debt was renewed and was placed into new notes secured by chattel mortgage, and the time of the payment of the whole debt was extended, the renewal of such debt and extension of time of payment thereof constitutes and makes such mortgage a mortgage for value.

Courts — instructions — reversible error — past-due debt — new note and mortgage taken for — time extended — valuable consideration — matter of law.

4. Where a debt past due was renewed and placed into new notes secured by chattel mortgage, and the time of the payment of the whole of said debt was definitely extended, such mortgage was a mortgage for value, and the mortgagee is entitled to protection as a mortgagee for value, and is a mortgagee for value as a matter of law, and the jury should have been so instructed by the court.

Payment of debt — time of — extension — prejudicial error — mortgage — question of value — jury — matter of law — good faith.

5. There being no dispute of fact about the renewal and extension of time of payment of such debt, it was improper and prejudicial error to submit the question whether the mortgage was one for value to the jury, it appearing from the notes and mortgages themselves, and from the extension of the time of the payment of the debt as a matter of law that the mortgage was one for value, and that the mortgagee was a mortgagee for value in good faith, and entitled to protection as such. While the chattel mortgages were executed a few days after the execution of the notes in question, they were all part of one transaction.

Opinion filed April 16, 1917. Rehearing denied May 12, 1916.

---

by reason of the time of payment of the debt being extended, or where he advances a further consideration, such a mortgage constitutes the mortgagee a "bona fide purchaser for a valuable consideration," or a bona fide purchaser or a mortgagee for a valuable consideration as against contesting equities.

Appeal from the District Court of Ward County, *C. M. Cooley,* Special Judge.

Reversed.

*John E. Greene,* for appellant.

"Where a person, by reason of actual notice of a given fact, is sought to be charged with notice of other facts which inquiry would disclose, there must appear in the nature of the case such a connection between the known fact and the fact with notice of which he is sought to be charged, that the former may be said to furnish a reasonable and actual clue to the latter." Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722.

There was a good, valid consideration for the new notes and chattel mortgage, and this question was for the court, and not for the jury. All the testimony showed this fact, and the trial court erred in submitting such question to the jury. 27 Cyc. 1192; Sullivan Sav. Inst. v. Young, 55 Iowa, 132, 7 N. W. 480; Cary v. White, 52 N. Y. 138; Jones, Mortg. 2d ed. § 459; O'Brien v. Fleckenstein, 180 N. Y. 350, 105 Am. St. Rep. 768, 73 N. E. 30; Koon v. Tramel, 71 Iowa, 132, 32 N. W. 243; De Mey v. Defer, 103 Mich. 239, 61 N. W. 524.

*F. B. Lambert,* for respondent.

"Where it is agreed that the title to chattels paid for in part only shall not pass until full payment, the transaction is a conditional sale." Forrest v. Hamilton, 98 Ind. 91; 43 Century Dig. § 1337; Coors v. Reagan, 44 Colo. 126, 96 Pac. 966; Steele v. State, 159 Ala. 9, 48 So. 673; Weiss v. Leichter, 113 N. Y. Supp. 999; Liver v. Mills, 155 Cal. 459, 101 Pac. 299; Cleary v. Morson, 94 Miss. 278, 48 So. 817; Taylor v. Applebaum, 154 Mich. 682, 118 N. W. 492; Poirier Mfg. Co. v. Kitts, 18 N. D. 556, 120 N. W. 558; Coggill v. Hartford & N. H. R. Co. 3 Gray, 545; Hussey v. Thornton, 4 Mass. 404, 3 Am. Dec. 224; Barrett v. Pritchard, 2 Pick. 512, 13 Am. Dec. 449; Whitwell v. Vincent, 4 Pick. 449, 16 Am. Dec. 355; Hill v. Freeman, 3 Cush. 259.

"A payment means a payment in money." Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008; 30 Cyc. 1195, note 32, on p. 1196; 39 Century Dig. "Payment," § 70.

"While in some of the states the presumption is that a negotiable bill or note given by the debtor is received in payment, no such presumption arises in most of the states." 30 Cyc. 1271, note 84, citing cases;

39 Century Dig. "Payment," col. 102, §§ 63, 190, citing cases; Wylly v. Collins, 9 Ga. 223; Herring v. Sanger, 3 Johns. Cas. 71; Tobey v. Barber, 5 Johns. 68, 4 Am. Dec. 326; Calk v. Orear, 2 B. Mon. 420; The Charlotte v. Hammond, 9 Mo. 59, 43 Am. Dec. 536; Risher v. The Frolic, 1 Woods, 92, Fed. Cas. No. 11,856.

If so taken as payment it must be expressly stated. Alford v. Baker, 53 Ind. 279; Northwestern Mut. L. Ins. Co. v. Little, 56 Ind. 504; Buckingham v. Walker, 48 Miss. 609; The Charlotte v. Hammond, 9 Mo. 59, 43 Am. Dec. 536; Costelo v. Cave, 2 Hill, L. 528, 27 Am. Dec. 404; Feamster v. Withrow, 12 W. Va. 611; 39 Century Dig. § 70, col. 118, and cases cited; 6 Words & Phrases, "Payment," pp. 5250 to 5252.

"All contracts may be oral except such as are specially required to be in writing." Comp. Laws 1913, § 5886.

The questions of laches and estoppel are not here involved. Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722.

Whether or not delivery is made is a question of intention, and the whole matter should be submitted to a jury as a question of fact. Rosenbaum Bros. v. Hayes, 5 N. D. 476, 67 N. W. 951; Reeves v. Bruening, 13 N. D. 157, 100 N. W. 241.

"Where a party calling a witness is surprised by his testimony, which not only fails to prove, but actually disproves his case, he has the right to ask the witness whether or not he has made a statement to the plaintiff conflicting with his testimony and which, if true, would tend to prove the plaintiff's case." George v. Triplett, 5 N. D. 50, 63 N. W. 891.

"A mortgagee in a mortgage executed to secure a pre-existing debt is not a bona fide purchaser entitled to priority of lien over a prior unrecorded mortgage on the property." Smith v. Moore, 112 Iowa, 60, 83 N. W. 813.

"A mortgage taken for a precedent debt does not constitute the mortgagee a purchaser for value." Alexander v. Caldwell, 55 Ala. 517; Craft v. Russell, 67 Ala. 9; Banks v. Long, 79 Ala. 319; Anthe v. Heide, 85 Ala. 236, 4 So. 380; Gilchrist v. Gough, 63 Ind. 576, 30 Am. Rep. 250; Durham v. Craig, 79 Ind. 117; Schumpert v. Dillard, 55 Miss. 348; Reeves v. Evans, — N. J. Eq. —, 34 Atl. 477; Manhattan Co. v. Evertson, 6 Paige, 457; Donaldson v. State Bank,

16 N. C. (1 Dev. Eq.) 103, 18 Am. Dec. 577; People's Sav. Bank v. Bates, 120 U. S. 556, 30 L. ed. 754, 7 Sup. Ct. Rep. 679; Sweeney v. Bixler, 69 Ala. 539; Phelps v. Fockler, 61 Iowa, 340, 14 N. W. 720, 16 N. W. 210.

"The holder of an unrecorded equitable charge upon land, given for a full consideration moving at the date of its creation, is entitled to priority over a subsequent legal mortgage given to secure a prior indebtedness." Martin v. Bowen, 51 N. J. Eq. 452, 26 Atl. 823; De Lancey v. Stearns, 66 N. Y. 157; Spurlock v. Sullivan, 36 Tex. 511; 27 Cyc. 1191, note 52, and cases cited; Woodburn v. Chamberlin, 17 Barb. 446; Matthews v. Kennedy, 113 Ga. 378, 38 S. E. 854; Tiffany v. Warren, 37 Barb. 571; Thompson v. Van Vechten, 27 N. Y. 568; Jones v. Graham, 77 N. Y. 628; Zimmer v. Wheeler, 2 N. Y. S. R. 326; Button v. Rathbone, 126 N. Y. 187, 27 N. E. 266; Doig v. Haverly, 92 Hun, 176, 37 N. Y. Supp. 455; 5 R. C. L. § 85, p. 449; Knowles Loom Works v. Vacher, 33 L.R.A. 310, note.

GRACE, J. This is an appeal from an order of the district court of Ward county from a judgment and an order of said court overruling the motion for judgment and a new trial.

The complaint in the case is one for conversion of a certain frame building located on lots 5 and 6 of block 30 of the first addition to the city of Minot, on the right of way of the Minneapolis, St. Paul, & Sault Ste. Marie Railway Company, the value of which building is stipulated to be $1,200. The complaint is in proper form, and among other things a proper demand is set out. The answer is a general denial, with the exception that the defendant admits its corporate character.

The facts in the case are in substance as follows: In September, 1908, plaintiff was the owner of the frame building in question. The Minot Paper Company was at that time a corporation engaged in business in the city of Minot, of which George D. Mann was president and managing officer. During the summer of 1908 negotiations were had between the paper company and the plaintiff herein concerning the leasing of said property by the paper company. A written lease was drawn up, but not executed. The amount of rental set forth in said lease was $65 a month. The paper company paid $65 for one month. Thereafter negotiations were had between the paper company and Hor-

ton whereby the paper company executed to Horton twenty-three notes of $100 each, one of said notes to be payable each month. Eighteen of said notes have been paid by the paper company to Horton, and five of such notes have not been paid. The defendant in this action maintains that such notes were given by the paper company to Horton in payment of such building, that such sale was an absolute sale, and that by such sale the absolute title passed from Horton to the Paper Company. On the other hand the plaintiff claims that the sale of such building to the paper company was a conditional sale, and that he reserved title until the full payment of all of said twenty-three notes. The paper company was indebted to the defendant herein in the sum of $5,000. The defendant took a chattel mortgage upon such building, claiming that it had no notice of the rights or equities of the plaintiff herein in such building by reason of the nonpayment of five of said twenty-three notes of $100 each, and plaintiff herein claiming that the defendant herein had full notice and knowledge of the plaintiff's interest in and title to such building until the full amount of $2,300 was paid. Each of these latter two questions of fact, whether there was an absolute or conditional sale of such building to the paper company by Horton, and whether the defendant herein took its chattel mortgage with actual notice of the plaintiff's title to and interest in such building, were submitted to the jury as questions of fact.

At the same time these two questions of fact were submitted to the jury, there was submitted also what was considered by the court other questions of fact, which were contained in an instruction by the court to the jury, and which is as follows: "If you find from the evidence that the mortgage to the defendant was given to secure a debt already due from the Minot Paper Company to the defendant and no new credit was given and no extension of time was given the paper company by the defendant as consideration for the mortgage on the building, then, and in that case, the defendant was not a bona fide mortgagee of said building for value, and its mortgage is not any protection whatever against the claim of the plaintiff."

The giving of this instruction is assigned by the appellant as prejudicial error. We are of the opinion that the giving of such instruction was prejudicial error, for the reason that the matters set forth in such instruction under the evidence in the case should not have been sub-

mitted to the jury as a question of fact; and to clearly demonstrate this it is only necessary to refer to the evidence in this case concerning the indebtedness of the Minot Paper Company to Wright, Barrett, & Stillwell, the defendant in this case. Mr. Wright, representing the defendant, came to Minot during the early part of May, 1910, to give attention to the debt which was due from the Minot Paper Company to the defendant. At the time when Mr. Wright was in Minot in the early part of May, 1910, it was conceded, as shown by the testimony, that the Minot Paper Company was indebted to the defendant in a sum of a little in excess of $5,000, all of which indebtedness was past due. It is also conclusively shown by the testimony of George D. Mann, said Wright, and S. J. LeDue, that on or about the 5th day of May, 1910, said indebtedness of about $5,000 was placed into eleven promissory notes executed at that time in the presence of Wright, Mr. Mann, and Mr. LeDue. In fact, there is no dispute but what these notes were executed at such time, and they provided for the payment of such debt in monthly instalments so that one of such notes would come due each month; and that at the same time and place arrangements and agreements were made with the Minot Paper Company to give security by way of chattel mortgage to secure such notes, and the building in question it was agreed should be a part of such security, and within a few days after May 5th, and in pursuance of such agreement and arrangement as was made in Minot on or about the 5th day of May, 1910, such chattel mortgages were executed by the Minot Paper Company to secure such notes, and in which was included the building in question. Such chattel mortgages were duly filed. The effect of this whole transaction was to extend the time of payment of the whole of such indebtedness for a definite time, and the further legal effect of such transaction was to make the consideration of such mortgage perfectly good and valuable, and to make the mortgagee a bona fide mortgagee for value, and entitled it to the protection accorded a bona fide mortgagee for value. This entire question, then, as contained in these instructions, under the evidence, was purely a matter of law for the court, and should not have been submitted to the jury, and was improperly submitted to the jury, being purely a question of law. Under the state of the record, the question of whether there was a conditional sale of such property, and whether the defendant had notice of the plaintiff's title and equities

in such property, were proper questions for the jury; but the evidence clearly showing that the debt due from the Minot Paper Company to the defendant was placed into new notes, and the time of the payment of the whole debt having been definitely extended, there was no question of fact concerning the extension which could be submitted to the jury. The court's instruction should have said that the mortgagee in this case under the evidence adduced was a mortgagee for value and entitled to the protection of a bona fide mortgagee for value. The jury returned a verdict in favor of the plaintiff, but in doing so it is impossible to tell upon what they based their verdict. It may have been based and determined upon the testimony concerning the condition of the sale, or that the defendant had notice of plaintiff's title and equity, or it may have been based upon whether or not the defendant was a mortgagee for value. The questions were not specially submitted, and we have no means of knowing or reaching any conclusion that can be based upon reason as to which of such matters or questions may have influenced the jury in arriving at the verdict.

There are three main rules concerning the character of a purchaser for value. The first rule is that a creditor who takes a mortgage on property as security for a debt or demand already due without giving any new consideration, or being induced to change his condition in any manner, is not entitled to the protection accorded to a bona fide purchaser for value as against prior liens or equities, unless there is some new consideration at the time of the execution of the mortgage. Smith v. Moore, 112 Iowa, 60, 83 N. W. 813; Bybee v. H..wkett, 8 Sawy. 176, 12 Fed. 649, 11 Mor. Min. Rep. 594; Alexander v. Caldwell, 55 Ala. 517; Craft v. Russell, 67 Ala. 9; Banks v. Long, 79 Ala. 319; Anthe v. Heide, 85 Ala. 236, 4 So. 380; Gilchrist v. Gouch, 63 Ind. 576, 30 Am. Rep. 250; Durham v. Craig, 79 Ind. 117; Schumpert v. Dillard, 55 Miss. 348; Reeves v. Evans, — N. J. Eq. —, 34 Atl. 477; Manhattan Co. v. Evertson, 6 Paige, 457; Donaldson v. State Bank, 16 N. C. (1 Dev. Eq.) 103, 18 Am. Dec. 577; People's Sav. Bank v. Bates, 120 U. S. 556, 30 L. ed. 754, 7 Sup. Ct. Rep. 679; Sweeney v. Bixler, 69 Ala. 539; Phelps v. Fockler, 61 Iowa, 340, 14 N. W. 720, 16 N. W. 210; Martin v. Bowen, 51 N. J. Eq. 452, 26 Atl. 823; DeLancey v. Stearns, 66 N. Y. 157; Spurlock v. Sullivan, 36 Tex. 511; 27 Cyc. 1191, note 52; Woodburn v. Chamberlin, 17 Barb. 446; Matthews v.

Kennedy, 113 Ga. 378, 38 S. E. 854; Tiffany v. Warren, 37 Barb. 571; Thompson v. Van Vechten,. 27 N. Y. 568; Jones v. Graham, 77 N. Y. 628; Zimmer v. Wheeler, 2 N. Y. S. R. 326; Button v. Rathbone, 126 N. Y. 187, 27 N. E. 266; Doig v. Haverly, 92 Hun, 176, 37 N. Y. Supp. 455; 5 R. C. L. § 85, p. 449; Knowles Loom Works v. Vacher, 57 N. J. L. 490, 33 L.R.A. 310, 31 Atl. 306.

The second rule is, although a mortgage is given to secure a pre-existing debt, yet if the mortgagee at the same time and in consideration of the giving of the mortgage surrenders some security for the same debt which he already held, such as some form of lien or a note with a good indorser, this would establish a new consideration and give him the right of a purchaser for value. Wilson v. Knight, 59 Ala. 172; Constant v. University of Rochester, 111 N. Y. 604, 2 L.R.A. 734, 7 Am. St. Rep. 769, 19 N. E. 631; O'Brien v. Fleckenstein, 86 App. Div. 140, 83 N. Y. Supp. 499; National Bank v. Lanier, 7 Hun, 623; Lane v. Logue, 12 Lea, 681.

The third rule is that, although a mortgage is given to secure an antecedent debt, nevertheless, if at the time and in consideration of the giving of the mortgage the creditor grants a definite extension of time of payment, this is such new consideration as will give him the character of a purchaser for value. Randolph v. Webb, 116 Ala. 135, 22 So. 550; Alston v. Marshall, 112 Ala. 638, 20 So. 850; Jones v. Robinson, 77 Ala. 499; Downing v. Blair, 75 Ala. 216; Craft v. Russell, 67 Ala. 9; Gilchrist v. Gough, 63 Ind. 576, 30 Am. Rep. 250; Koon v. Tramel, 71 Iowa, 132, 32 N. W. 243; Port v. Embree, 54 Iowa, 14, 6 N. W. 83; DeMey v. Defer, 103 Mich. 239, 61 N. W. 524; Schumpert v. Dillard, 55 Miss. 348; Cary v. White, 7 Lans. 1; Farmers' & M. Nat. Bank v. Wallace, 45 Ohio St. 152, 12 N. E. 439; Farmers Nat. Bank v. James, 13 Tex. Civ. App. 550, 36 S. W. 288; Watts v. Corner, 8 Tex. Civ. App. 588, 27 S. W. 1087; Ingenhuett v. Hunt, 15 Tex. Civ. App. 248, 39 S. W. 310; Missouri Broom Mfg. Co. v. Guymon, 53 C. C. A. 16, 115 Fed. 112; 35 Century Dig. title "Mortgages" § 356.

The defendant in this case granted a definite extension of time. The evidence conclusively establishes this point. New notes were taken for the amount of the debt owing from the paper company to the defendant, and chattel mortgages were given securing such notes, and all of such

notes, and all of such indebtedness, therefore, was extended for a definite time. Therefore, under the third rule, the mortgage in question was one for value, and the mortgagee was entitled to protection as a mortgagee for value. There was no dispute about this matter. There could be none. The mortgages show for themselves, and the testimony is conclusive concerning the execution of the notes, and there was no disputed fact concerning these matters which could be submitted to the jury. That there was a definite extension of time as to said debt is certain, and it was the duty of the court to take cognizance of such extension of time for the payment of the debt as a matter of law, and to have instructed the jury as a matter of law that the defendant was a bona fide mortgagee for value. The court did not do this, and gave the instruction complained of, which is hereinbefore set out in full, which we hold to be reversible and prejudicial error. The judgment of the trial court is reversed, and the case is remanded for a new trial.

ROBINSON, J. (dissenting). The plaintiff brings this action to recover for the conversion of a building. He recovered a verdict and judgment for $375, and defendant appeals from the judgment and an order denying a new trial. The answer is merely a general denial. The action has been twice tried to a jury, and now, after a lapse of two years from the judgment, the case is here for review. Now, we are asked to vacate the verdict and judgment and to remand the case for a third trial and for another half dozen years of litigation.

On September 15, 1908, the plaintiff owned the building in question, and he leased it, or sold it conditionally, to the Minot Paper Company. Defendant agreed to pay as rent for the building $100 per month for twenty-three months, according to twenty-three promissory notes, and when the payments were all made the plaintiff agreed to give to the paper company a bill of sale of the building.

On May 5, 1910, the paper company made to the defendant eleven promissory notes of that date, payable monthly and semi-monthly, with interest at 6 per cent. There were six notes, each for $320.25, and five notes, each for $633.69. The last three notes became due in 1911, on January 10th, February 10th, and March 10th, and the notes were all made to secure a prior debt.

On May 21, 1910, to secure all of said promissory notes, the Minot

Paper Company made to the defendant a mortgage on a lot of merchandise in the building and also a second mortgage on the fixtures and the building. This second mortgage contained a power to the mortgagee to declare the debt due, and to foreclose in case of default or in case they should deem themselves insecure. It gave them power to foreclose whenever they chose to do it. In December, 1910, they published a foreclosure notice, and on January 7, 1911, they foreclosed both mortgages.

From the stock of goods

| | |
|---|---|
| They realized | $1,721.25 |
| And from the furniture and fixings | 200.00 |
| And from the building | 1,200.00 |
| Total amount | $3,121.25 |

And according to the report of sale there was a balance of $234.62 due the paper company or the owner of the building. The proof showed that at the time of the trial there was at least $375 due on the building, and that plaintiff had never parted with his title to the building. But defendant claimed priority for its mortgage under this statute. Comp. Laws 1913, § 6757. All reservations of title to personal property as security for the purchase money, when possession is delivered to the vendee, are void as to subsequent creditors without notice and purchasers and encumbrancers in good faith and for value, unless the contract is in writing and signed and filed as a mortgage on personal property. Defendants claim to be subsequent encumbrancers in good faith and for value.

The mortgage was made by G. D. Mann, the president of the paper company, pursuant to an agreement with Cushing Wright, the credit manager of the defendants. Mann swears that when he agreed to make the mortgage, he told the credit man all about the transaction with Horton, and that they had paid only $1,800, and there was still due $500, and that he could mortgage only the equity of his company in the building. This is denied by the credit man, but his testimony is worthy of no credit. He swears he would not have taken such a mortgage, and that he would much rather have no mortgage, and of course that is not true. A mortgage which brought $1,400 at forced sale was

well worth the consideration of any credit man. It was worth having. The testimony of Mann appears to be honest and convincing. He was simple and honest enough to mortgage to the defendant everything his company owned, and they were sharp enough to foreclose the mortgage long before it became due, and to realize $254.62 after paying the debts and all costs of foreclosure. The mortgage has no basis either of good faith or value. At the time of making the mortgage there was no consideration only a past-due debt, and there was not even an extension of credit. When the mortgage was made to secure the instalment notes, it was made sixteen days after the making of the notes, and it gave to the mortgagees a power to foreclose at any time, and they availed themselves of the power to foreclose it long before it became due.

But in the opinion of Judge Grace it is said that there are three rules concerning the character of a purchaser for value. The first is that a creditor who takes a mortgage on property as security for a debt or demand already due is not entitled to the protection secured to a bona fide purchaser for value, as against prior liens or equities, unless there is some new consideration at the time of the execution of the mortgage. This rule is well supported by the case cited, and we think it is the correct rule in this state. The other rule is that, although a mortgage is given to secure an antecedent debt, nevertheless if, at the time and in consideration of the giving of the mortgage, the creditor grants a definite extension of time of payment, there is such a new consideration as will give him the character of a purchaser for value. Now, in this case if there was any extension, it was at the time of the making of the notes on May 5th, and not on May 21st, when the mortgages were made. And on this second point we should note well that a definite extension of the time of payment is of little consequence, and it is no consideration in case where a party secures a debt which is not collectable, and in cases where the extension practically amounts to nothing. In this case the paper company was insolvent, and there was no way for the defendant to make collection without some extension and some nursing of his claim and by getting a better grip on their debtor. On the record no judge can possibly say as a question of law that the making of the notes on May 5th and of the mortgage on May 21st, with a power to foreclose at any time, was such a valuable consideration as to make the defendants purchasers or encumbrancers for value. Indeed, it was far

from being any consideration or any concession to the paper company. The consideration was all on the side of the defendant. Hence, it seems clear that the case was fairly tried and fairly submitted to a jury, and the verdict and judgment is well sustained by the evidence. Were this court to consider the case on its merits and lay aside the verdict of the jury and the order of the trial court denying a new trial, we could not do otherwise than to affirm the judgment. It should be affirmed.