## MOVIUS et al. v. PROPPER.

(136 N. W. 942.)

**Judgment — entry of judgment — sufficiency.**

1. On January 16, 1905, the district court of Richland county made its order for judgment, the material portion of which is as follows:

It is now, on motion of A. L. Parsons, attorney for the plaintiff, ordered that plaintiff have judgment against the defendant herein for the sum of $616, the amount asked in the summons and complaint, together with the costs and disbursements of this action, to be taxed by the clerk.

Let judgment be entered accordingly.

By the Court,

Frank P. Allen, Judge.

Attest: J. M. Kramer, Clerk.

Costs allowed on above judgment as ordered $8.50, making total judgment of $624.50.

J. M. Kramer, Clerk of Court. [Seal.]

Such order was entered at length by the clerk in the judgment docket and thereafter certain real property of the judgment debtor was levied upon and sold under execution, and no redemption having been made, a sheriff's deed was duly issued to plaintiffs, who have expended large sums of money in reliance upon their title thus acquired, with the knowledge and implied consent of defendant in the case at bar.

*Held,* that such order when entered in the judgment docket constituted a valid judgment as against the defendant in the case at bar, who is a stranger to the record in the action in which such judgment was rendered, and under the facts stated in the opinion he cannot be heard to challenge the validity thereof.

McTavish v. Great Northern R. Co. 8 N. D. 333, 79 N. W. 443, is referred to and distinguished.

**Evidence — quieting title.**

2. Evidence examined and held that the trial court properly found that defendant did not purchase the interest of the judgment debtor in the real property in controversy, as contended by him.

**Appeal and error — modification of judgment.**

3. Respondents being the owners of an undivided one-half interest in the real property in controversy, and appellant being the owner of the remaining interest therein, an accounting was had in the district court as to advances made by each of the parties in the payment of the purchase price of such property, together with interest and taxes, and also the value of the use and occupation thereof by appellant, and a balance of $42.85 was found due to plaintiffs from defendant and this court finds a balance of only $13.78 thus due plaintiffs on such accounting. The judgment is accordingly modified to this extent.

**Appeal and error — trial court — theory of case.**

4. Where parties have adopted a certain theory in the trial of a case in the district court, and that court has decided the case pursuant to such theory, neither party will be permitted in this court to change the theory thus adopted.

Opinion filed April 29, 1912.    Rehearing denied June 20, 1912.

Appeal by defendant from a judgment of the District Court for Sargent County; *Frank P. Allen*, J., in plaintiffs' favor in an action brought to quiet title to certain real estate.

Modified and affirmed.

Action to determine adverse claims to real property. The complaint is substantially in the statutory form. It was adjudged in the court below that plaintiffs were the owners of an undivided one-half interest in the real property in controversy, defendant owing the other one-half interest, such respective interests being subject to certain advances made by the parties for the purpose of protecting the title. Defendant has appealed from the judgment, and demands a retrial of the entire case in the supreme court. We deem the following statement of facts made by respondent's counsel in the printed brief substantially correct:

"The action was brought to determine adverse claims to a quarter section of land in Sargent county, described as follows: The northwest quarter of section 36, in township 130 N. of range 53 W. Originally this was state school land, and on the 28th day of September, 1901, at a public school land sale, the land in question was purchased jointly by the defendant, Propper, and one Ralph Maxwell, and a contract for sale was duly entered into between the said purchasers and the state land commissioner.

As will be seen, the purchase price of the land was $2,000. One fifth

of this sum of $400 was paid in cash and the balance was to be paid in four equal instalments, the first instalment on January 1, 1907, and an instalment at the end of each succeeding five-year period thereafter, until the whole should be paid, with interest on the deferred payments at the rate of 6 per cent per annum. The defendant and the said Maxwell each contributed $300 to the down or cash payment made at the time the land was purchased. Possession of the land was given to defendant and the said Maxwell immediately upon the execution of the contract. Sometime after the purchase of the land, a part thereof was inclosed by a fence, but the exact date when this was done does not appear in the evidence. The defendant owned and occupied other lands in the immediate vicinity of the land in question, and from the date of the purchase the defendant has had the entire use of this land, either for the purpose of pasturage or for raising crops, and has never paid to anyone any sum whatever for such use.

On the 4th day of December, 1904, said Maxwell was indebted to plaintiffs on a promissory note in the sum of $559, with interest at the rate of 10 per cent per annum from January 5, 1904; this note fell due on October 1, 1904. On the 4th day of December, 1904, plaintiffs sued said Maxwell in the district court of Richland county on said promissory note, and on that day the summons and complaint in the action were personally served on Maxwell. No answer was interposed, and on the 16th day of January, 1903, a judgment by default was entered in favor of plaintiffs and against Maxwell for the sum of $616 damages and the costs, making in all the sum of $624.50. Later a transcript of said judgment was filed in the office of the clerk of the district court of Sargent county, and later still an execution was duly issued out of the district court of Richland county, wherein said judgment was entered to the sheriff of Sargent county, and under and by virtue of said execution the interest of the said Maxwell in the land in question was levied upon, and later a proper notice of sale was duly published, and later still the interest of the said Maxwell in the said land was sold to satisfy said judgment. The plaintiffs were the purchasers at the said sheriff's sale, and the certificate of sale was duly issued to them, there being no redemption; and on the 29th day of June, 1906, a sheriff's deed was duly issued to plaintiffs, purporting to convey to them the interest of the said Maxwell in the land in question. No question is

raised as to the regularity of the proceedings with respect to the said judgment sale and sheriff's deed, except it is contended that no proper and legal judgment was ever entered in the case referrd to; that, after the purchase of the Maxwell interest in the land in question, the plaintiffs paid, to protect the title to said land, the several amounts embraced in Exhibit F; that the payments made by plaintiffs as stated, with accrued interest up to the time of the entry of the decree, amounted to $859.99; that to protect the title, and between the date of the purchase of the land from the state and the date of the entry of judgment, defendant paid certain sums which are set forth in Exhibit G; that the amounts so paid by defendant, with accrued interest up to the time of the entry of judgment, aggregated $1,305.64; that the value of the use and occupation of the land from the time of the purchase of the same by plaintiffs at said sheriff's sale, and while defendant was in the exclusive possession thereof, amounted to $488.50.

In January, 1906, the plaintiffs paid to the state interest due on the contract of sale the sum of $96. Subsequently, and at the request of plaintiffs, the defendant paid to plaintiffs one half of this amount of $48, but made no statement to plaintiffs at that time or any other time that he had purchased, or claimed to have purchased, Maxwell's interest in the land. Plaintiffs also, on the 31st day of January, 1907, paid to the state $96, interest due on the land contract, and also paid on January 31, 1908, a like amount for the same purpose. Plaintiffs also paid the taxes on the land for the years 1906, 1907, 1908, 1909, and 1910.

On the trial the defendant claimed that some time in 1904 or 1905 (the date was indefinite) he entered into some kind of an oral agreement with Maxwell for the purchase of Maxwell's interest in the land in question. He claimed that Maxwell was indebted to him on account in about the sum of $200, and that he and Maxwell orally agreed that defendant could have Maxwell's interest in the land in payment of this debt. At the time defendant claims to have purchased Maxwell's interest in the land in question, the quarter section was worth $4,800, and there was then due the state on the contract of sale the sum of $1,600, and that the equity in the land was then worth $3,200. On the 31st day of January, 1906, when plaintiffs made their first interest payment

on the contract, defendant knew that they claimed to have succeeded to Maxwell's interest in the land.

This action was commenced in December, 1909. Plaintiffs and defendant lived in the village of Lidgerwood and frequently met, and defendant never informed plaintiffs that he claimed to have purchased Maxwell's interest in the land, until he served his answer in this action."

*Forbes & Thorpe,* for appellant.

There was no judgment. McTavish v. Great Northern R. Co. 8 N. D. 333, 79 N. W. 443.

Complete performance on the part of one party to a contract takes the contract out of the statute of frauds. Pfifner v. Stillwater & St. P. R. Co. 23 Minn. 343; Blanchard v. McDougal, 6 Wis. 167, 70 Am. Dec. 458; Morrison v. Herrick, 130 Ill. 631, 22 N. E. 537; Shearer v. Gibson, 123 Mich. 467, 82 N. W. 206; Pawlak v. Granowski, 54 Minn. 130, 55 N. W. 831; Barton v. Dunlap, 8 Idaho, 82, 66 Pac. 832; Brown v. Hoag, 35 Minn. 373, 29 N. W. 135; Ruch v. Ruch, 159 Mich. 231, 124 N. W. 52; Brown v. Brown, 163 Mich. 337, 128 N. W. 195.

*W. S. Lauder,* for respondent.

The judgment is valid and binding although irregular in form. Hagler v. Kelly, 14 N. D. 218, 103 N. W. 629; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016; Rolette County v. Pierce County, 8 N. D. 613, 80 N. W. 804.

FISK, J. (After stating the facts as above). It will be seen from the above facts that plaintiffs deraign whatever title they have through a sheriff's deed issued pursuant to an execution sale under a purported judgment rendered in an action wherein they were plaintiffs and one Ralph Maxwell was defendant, a transcript of which purported judgment was duly filed and docketed on April 10, 1905, in Sargent county, and thereupon such judgment, if valid, became a lien on all lands then owned by Maxwell in such county. Appellant claims, however, that Maxwell did not own such land at that time, but that he had sold such undivided one-half interest to him in the month of May, 1904, by an executed oral contract. This is challenged by respondents, but appellant's counsel contend that respondents are not in a position to thus

challenge said oral sale and purchase, for the alleged reason, among others, that their so-called judgment against Maxwell is not a judgment at all, but merely an order for judgment. If this be true, then of course respondents have no stand in court, as they must recover, if at all, on the strength of their alleged title, which is based solely on the sheriff's deed, and this deed in turn is wholly dependent for its validity on the judgment aforesaid. We will first consider the question whether respondents recovered a judgment against Maxwell as alleged by them. As before stated, it is asserted by appellant's counsel that such alleged judgment was nothing more than a mere order for judgment, citing and relying in support thereof on McTavish v. Great Northern R. Co. 8 N. D. 333, 79 N. W. 443. On the contrary, respondent's counsel, while conceding that it is not strictly correct in form, contend inasmuch as it was treated as a judgment and duly entered at length in the judgment docket, and inasmuch as it determines the issues involved in the action and fixes definitely the amount plaintiffs are entitled to recover from defendant, that it is a sufficient judgment. The case of Hagler v. Kelly, 14 N. D. 218, 103 N. W. 629, is claimed by respondents to settle the point in their favor. We do not thus construe the opinion. The case at bar is not distinguishable from the McTavish Case in the form of the order for judgment. In the case at bar the language of the order is, "Ordered, that plaintiff have judgment against the defendant for the sum of $616, . . . together with the costs and disbursements of this action, to be taxed by the clerk. Let judgment be entered accordingly."

In the Hagler Case the language used in the order was, "It is hereby adjudged that the plaintiff recover of the defendant the sum of . . . $25.46, and the clerk of court is hereby directed to enter judgment accordingly."

In the McTavish Case the question arose in a different manner from that in the case at bar. There, the question merely involved a question of practice, viz., the right to appeal. Here it involves property rights of long standing, claimed to have been acquired through execution sale under the alleged judgment. In the McTavish Case the question was raised by a party to the proceeding, while here it is raised by a third person,—a stranger to the record. As well stated by Judge Engerud in Hagler v. Kelly, supra, at page 223 of the opinion: "The situation with which the court was dealing on the appeal in that case [McTavish

v. Great Northern R. Co. supra] was the same as that which existed in the trial court when the irregularity in question was discovered. The transaction was fresh and the litigation still in actual progress. It will be readily seen that under such circumstances the propriety and sufficiency of the acts of the clerk to accomplish the intended purpose were to be tested by an entirely different standard from that which must be applied in the case at bar. That case simply involved a question of practice in a pending litigation. In this case we are dealing with rights to property of long standing, acquired or supposed to have been acquired through legal proceedings. Those proceedings are attacked for irregularity of procedure of a purely formal nature, which neither denied nor prejudiced any substantial right of any adverse party."

Whether the court, as it was constituted at the time the McTavish Case was decided, would have held the same as it did if the facts were as disclosed in the case at bar, is very doubtful. At any rate we are constrained to hold, and do hold, that such rule should not be enforced at the behest of a stranger to the record, and especially after such a long lapse of time during which respondents, in reliance upon the regularity of the judgment and the proceedings thereunder, expended large sums of money, and this with appellant's knowledge and implied consent. Indeed, we are disposed to the belief that at most the judgment was merely irregular or voidable, and not void; and that even though appellant might, if he had acted promptly, have questioned the same, he is, on account of the above facts, now estopped from so doing. We reach a conclusion on this point, therefore, adverse to appellant's contention.

We will next consider the question whether appellant, in fact, purchased Maxwell's interest as alleged by him, for if he did, such fact would settle this litigation in his favor. The trial court found that no such purchase took place, and after a careful review of the evidence we are fully agreed that such finding was correct. We deem it useless to narrate the testimony in this opinion bearing on this issue of fact. Suffice it to say that the testimony of appellant and his witnesses is of an unsatisfactory nature, while that of the respondents and their witnesses is clear, persuasive, and in full accord with every material, if not controlling, circumstantial evidence against appellant's contention, and which he has not satisfactorily explained away.

The only remaining question requiring consideration, in view of the above conclusions, is the matter of the accounting. The trial court found that there was a balance due from appellant to respondents of $42.85. This was arrived at by crediting each party with payments of principal and interest on the contract with the state, as well as taxes paid by each, and after computing interest on the various items, a balance was struck between them. Appellant contends that the lower court erroneously allowed certain credits to respondents and disallowed certain proper credits to which he was entitled. Respondents were allowed credits, with interest, of only $859.99, instead of $1,305.64, as stated in appellant's brief, and appellant expressly concedes that such credit should be $860.85. Appellant was allowed credits, with interest, aggregating the sum of $1,305.64. This should have been $1,320.92 as claimed by appellant. This difference is, no doubt, the result of an oversight in not allowing for the taxes paid by appellant in the years 1903 and 1904 as stipulated at the trial. The trial court properly refused any credits to appellant for the alleged improvements made on the land by him. This was proper. There is no competent proof of the value thereof, and furthermore it does not appear that they tend to enhance the value of the property, and they were evidently made for the sole benefit and convenience of appellant. Hence he is not entitled to any credit therefor. Gjerstadengen v. Hartzell, 9 N. D. 268, 81 Am. St. Rep. 575, 83 N. W. 230. We think the finding as to the value of the appellant's use of the premises is in accordance with the evidence, and consequently such finding will not be disturbed. The case was tried in the court below upon the theory that he should account to plaintiffs for such use, and this court in deciding the case will not permit a change in the theory of the case thus adopted by the parties in that court.

The judgment will be modified by reducing the balance found due plaintiffs from defendant from $42.85 to $13.78, being one half of the balance we find existing on such accounting, and as thus modified it will be affirmed, neither party to recover costs on the appeal.