W. E. HANSON, as State Bank Examiner of the State of Washington, for and in Behalf of the First International Bank, an Insolvent Corporation, of South Bend, Washington, Appellant, v. M. J. JOHNSON, Clara Johnson, and Forest City National Bank, a Corporation, Respondents.

(177 N. W. 452.)

**Recording of instruments — notice — deposit of instrument for record — recording fees.**

1. Where an instrument affecting real property is required by the Recording Acts to be recorded in the office of register of deeds in the county where the real property is situated in order to be notice to subsequent purchasers for value, and there is a further requirement by law that when such instrument is deposited with the register of deeds for record, he may require the payment of the recording fee in advance, *held* that the depositing of the instrument with the recording fee unpaid with the register of deeds for record and the same is not entered upon the reception book or spread at length upon the record, does not constitute the recording of the instrument so as to be constructive notice to subsequent purchasers for value until the required recording fee is paid. *Held,* further, if the instrument is deposited for record, and at that time the required recording fee is not paid, and the instrument is recorded by being entered in the reception book or spread at length upon the record, it will be constructive notice to subsequent purchasers for value even though the recording fee is not paid at the time of depositing the instrument for record.

**Consideration — value — pre-existing debt — past-due indebtedness.**

2. By the provisions of § 6910, Compiled Laws 1913, an antecedent or pre-existing debt constitutes value for an instrument payable on demand or at a

---

NOTE.—On effect of failure to pay registration tax or fee, see note in 42 L.R.A. (N.S.) 146. For authorities discussing the question of protection under recording acts of mortgage given as security for pre-existing debt, see note in 33 L.R.A.(N.S.) 57.

future time. The rule is different if the antecedent or pre-existing indebtedness, which is the consideration of an instrument, is past due and there is no extension of time of payment to a time certain, and there is no surrender of security for the same debt, nor surrender of legal rights, nor any new instrument taken for the antecedent or pre-existing indebtedness payable on demand or at a future time.

Opinion filed November 22, 1918.  Rehearing denied July 1, 1919.

Appeal from the District Court of Oliver County, North Dakota, Honorable *J. M. Hanley,* Judge.

Reversed.

*B. W. Shaw* and *Robert Dunn,* for appellant.

"The register of deeds may in all cases require the party for whom any services are to be rendered to pay the fees in advance."  Comp. Laws 1913, § 2212, as amended.

A law established for a public reason cannot be contravened by a private agreement.  Comp. Laws 1913, § 7247; Parrish v. Mahany, 73 N. W. 97.

Where an instrument comes into the hands of the register of deeds, and the fees for recording same were not paid in advance, such delivery to the register of deeds does not have the effect of depositing the instrument for record, and cannot be deemed recorded under § 5558, Comp. Laws 1913.  Orr v. Sutton, 42 L.R.A.(N.S.) 146.

The instrument first executed and delivered in point of time is entitled to priority regardless of the recording acts, unless there are some other circumstances which placed the mortgagee in a worse position than he was before.  McDonald & Co. v. Johns, 33 L.R.A.(N.S.) 57, and note.

*Miller, Zuger, & Tillotson (H. A. Brown,* of counsel), for respondents.

A mortgage to secure a pre-existing debt is not within the protection of a statute giving mortgages priority as against bona fide purchasers from the date they are filed for record, so as to entitle it to priority from the time of its record over an existing unrecorded mortgage. McDonald Co. v. Johns (Wash.) 114 Pac. 175; Hicks v. Nat. Surety Co. 50 Wash. 16, 96 Pac. 515; Peoples Sav. Bank v. Bates, 120 U. S. 556;

Pomeroy, Eq. Jur. 3d ed. 747–749; 27 Cyc. 1191; 24 Am. & Eng. Enc. Law, 2d ed. 139.

He must not only have had no notice, but he must have paid a consideration at the time of the transfer, either in money or other property, or by a surrender of existing debts or securities held for the debts and liabilities. Note in 33 L.R.A.(N.S.) 57; 24 Am. & Eng. Enc. Law, 2d ed. 139.

A conveyance or mortgage of property in satisfaction of an antecedent indebtedness, although good as between the parties, will not, according to the weight of authority, entitle the grantee to be considered a purchaser for value. 23 Am. & Eng. Enc. Law, p. 290; Bybee v. Hawkett, 12 Fed. 649; Wells v. Marrow, 38 Ala. 125; Johnson v. Graves, 27 Ark. 557; Withers v. Little, 55 Cal. 370; Clinski v. Sawadski, 8 Fla. 405, 27 L.R.A.(N.S.) 620, note.

The burden is upon the plaintiff to prove that he is a bona fide purchaser within the meaning of the recording statute. Conklin v. Kruse, 82 Kan. 358, 108 Pac. 856, 36 L.R.A.(N.S.) 1124. Also note to this case.

"An instrument deposited with the register of deeds, with the intention of having it recorded, is deemed recorded." Parrish v. Mahaney, 10 S. D. 276, 66 Am. St. Rep. 715, 73 N. W. 97; Parker v. Panhandle Nat. Bank, 11 Tex. Civ. App. 707; Marlet v. Hinman, 77 Wis. 136, 20 Am. St. Rep. 102, and cases cited in that opinion; Smith v. Waggoner, 50 Wis. 155, 6 N. W. 568; Citizens Bank v. Shaw, 14 S. D. 197, 84 N. W. 779; 2 Jones, Real Prop. No. 1472; Fisher v. Butcher, 19 Ohio, 405; Brookes's Appeal, 64 Pa. 127.

GRACE, J. Appeal from the district court of Oliver county, North Dakota, Honorable J. M. Hanley, Judge.

This action is brought upon a promissory note, dated November 26, 1912, for $3,100, with interest after date at the rate of 8 per cent per annum, and for the foreclosure of a real estate mortgage securing said note and bearing even date with said note, a lien against the N.½ of section 11, township 142, range 87, Oliver county, North Dakota. The note and mortgage were each executed and delivered by M. J. Johnson and Clara Johnson, who were then the owners of the land in question.

to the First International Bank of South Bend, Washington. Neither of the Johnsons interposed a defense.

The Forest City National Bank claims a lien on the same land by reason of a deed executed by the Johnsons to it on the 13th day of May, 1910, at which time the Forest City National Bank claimed the Johnsons were indebted to them for $5,472.40. The Forest City National Bank, in its answer, in substance alleged that though the deed in effect was absolute in form, it was intended and agreed to be security for said indebtedness and obligations of the said Johnsons to said bank. Defendant further in substance alleges that said deed was deposited on the 2d day of April, 1912, in the office of the register of deeds of Oliver county, and on the same day was duly presented to the county auditor for certification as to delinquent taxes, and that said county auditor officially certified and indorsed upon said deed that all delinquent taxes were paid and transfer of said premises was entered in his office; and that owing to the neglect and default of the register of deeds, such deed was not recorded at length in the office of said register of deeds on the day it was filed for record, but, on the 19th day of May, 1914, was recorded in the office of the register of deeds of Oliver county in book 10 of warranty deeds on page 280. The answer further alleged that the First International Bank of South Bend, Washington, prior to November 26, 1912, had actual notice or knowledge of the existence of said deed to the Forest City National Bank, in addition to the constructive notice imported by the records of Oliver county, and took the mortgage which plaintiff is seeking to foreclose with full knowledge of the Forest City National Bank's interest and rights in and lien upon the said premises, and subject to such lien of the Forest City National Bank. The note upon which plaintiff maintains this suit is set out in full in his complaint, and is a note payable on demand.

The Johnsons were the owners of the land in question on the 13th day of May, 1910, at the time said deed was executed and delivered to the Forest City National Bank.

It appears that the deed was taken from the Johnsons to the Forest City National Bank as security, and therefore, though a deed in form, it is in fact a mortgage, and will be considered as such in further reference to it, and the only consideration for it was the antecedent debts owing from the Johnsons to the Forest City National Bank. The de-

mand note for $3,100 and the mortgage securing the same also had no
other consideration than the antecedent debts owing from the Johnsons
to the First International Bank of South Bend, Washington.

The mortgage given to the First International Bank of South Bend,
Washington, was duly and fully recorded on the 10th day of December,
1912, in the office of register of deeds of Oliver county, North Dakota.
It thus appears that the mortgage to it was actually recorded more than
a year and four months prior to the time of the recording of the mort-
gage in question to the Forest City National Bank.

Section 5594, Compiled Laws 1913, in part is as follows: "Every
conveyance by deed, mortgage or otherwise, of real estate within this
state, shall be recorded in the office of the register of deeds of the county
where such real estate is situated, and every such conveyance not so
recorded shall be void as against any subsequent purchaser in good faith,
and for a valuable consideration, of the same real estate, or any part or
portion thereof, whose conveyance, whether in the form of a warranty
deed or deed of bargain and sale, deed of quitclaim and release, of the
form in common use or otherwise, *is first duly recorded.*"

Section 5595, Compiled Laws 1913, defines the term "conveyance"
and the word "purchaser." The section reads as follows: "The term
'conveyance,' as used in the last section, embraces every instrument in
writing by which any estate or interest in real property is created,
aliened, mortgaged or encumbered, or by which the title to any real
property may be affected, except wills and powers of attorney. The
word 'purchaser' as used shall embrace every person to whom any estate
or interest in real estate is conveyed for a valuable consideration, and
also every assignee of a mortgage, lease or other conditional estate."

The deed from Johnson to the Forest City National Bank was dated
May 13, 1910, and deposited for record with the register of deeds of
Oliver county on the 2d day of April, 1912, and, on the last date, certi-
fied as to delinquent taxes to the county auditor of said county to the
effect that all delinquent taxes were paid and transfer of the premises
was entered in his office. The fees for the recording of the deed were
not paid in advance at the time of depositing it for record, but were
paid on the 19th day of May, 1914. The mortgage to the First In-
ternational Bank of South Bend was fully recorded on the 10th day

of December, 1912.    Which, then, of the two conveyances is a prior
lien on the land in question?

The answer to this question presents two propositions the disposition
of which is decisive of the case.    First proposition is: Under a law
which provides, in effect, that the fees for recording an instrument
must be paid in advance, may an instrument, which is entitled to be
recorded, be said to be of record when the same is delivered to and left
with the register of deeds for record unaccompanied with the recording
fee?    The second proposition is: Is either of the mortgages based upon
a valuable consideration so that the holder thereof is in the position of
a purchaser for value?

Considering the first of the propositions, we are of the opinion that
an instrument required to be recorded in the office of the register of
deeds is recorded when it is deposited and left with the register of deeds
for the purpose of record, and, when so deposited, is accompanied by the
requisite fee for spreading the same at length upon the records.    This
view, we believe, is in harmony with the law relative to the recording
of instruments such as those we are considering as expressed in §§
5557, 5558, 3548, and 3509 of the Compiled Laws of 1913.

Under our law, § 3508, Compiled Laws 1913, the register of deeds
receives a salary based upon the assessed valuation of the property as-
sessable within the county.    He no longer receives a recording fee in-
dividually and as part of his own compensation, but he receives it as a
representative of the county, and as such he must keep a fee book which
is provided for him by the county, and in it enter each item of fees
for services rendered.    He must, within three days after the close of
each calendar month and at the end of his term of office, file with the
county auditor a statement, under oath, showing the fees which he has
received as such officer since the date of his last report, and also, with-
in the three days, deposit with the county treasurer the total sum of such
fees.    He must also indorse the amount of the fees on the instrument
recorded.    He may in all cases require the party for whom any service
is to be rendered, to pay the fee in advance for the rendition of such
service or to give security for the same.

Section 5558, Compiled Laws 1913, is as follows: "An instrument
is deemed to be recorded when, being duly acknowledged or proved and

certified, it is deposited in the register's office with the proper officer for record."

Construing the foregoing sections together in their application to an instrument deposited for record without the payment of the recording fee at the time of depositing for record, and where the instrument deposited for record has not in fact been recorded by being entered in the reception book or spread at length upon the record, it is held that such instrument is not recorded, and is no constructive notice to subsequent purchasers for value. If the instrument is deposited for record and at that time the required recording fee is not paid, and the instrument is recorded by being entered in the reception book or spread at length upon the record, it will be constructive notice to subsequent purchasers for value even though the recording fee is not paid at the time of depositing the instrument for record. In the case at bar, after the register of deeds received the mortgage to the Forest City National Bank on April 2, 1912, he sent a notice to the bank that it would be necessary to receive the fees before he could record the mortgage. The notice was sent on the regular printed form or statement. The fees were not paid until the 19th day of May, 1914, which is two years or more after the time the deed was received by him. It is clear, under these circumstances, that the mortgage to the Forest City National Bank, which, as we have seen, was in the form of a deed, was never in fact of record until the 19th day of May, 1914.

Considering the second proposition, we are of the opinion that the mortgage from Johnson to the First International Bank of South Bend, Washington, is based upon the valuable consideration, and the holder thereof is in the position of, and is entitled to, the rights and protection of a purchaser for value. It is true that the $3,100 is the aggregate of certain antecedent debts owing from Johnson to the First International Bank. Antecedent debts, however, under some circumstances, are a sufficient consideration to support a simple contract. This is true where the antecedent indebtedness is included in an instrument, such as a promissory note or a mortgage, payable on demand or at a future time. In this case, the antecedent indebtedness of Johnson to the First International Bank was placed in the form of a demand note which was secured by mortgage on the land in question, and this, as we view it, afforded a valuable consideration for such note and mortgage, and af-

fords the First International Bank all the rights of a purchaser for value.

Section 6910, Compiled Laws 1913, reads thus: "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

The rule would be different if the antecedent or pre-existing indebtedness, which forms consideration of an instrument, were past due and there were no extension of the time of payment thereof, no surrender of security for the same debt, no instrument payable on demand or at a future time, the consideration of which is the antecedent indebtedness. In such case the instrument could not be said to be based upon a valuable consideration and would come within the rule laid down in the case of Horton v. Wright, B. & S. Co. 36 N. D. 622, 162 N. W. 939. As above pointed out, our statute makes antecedent or pre-existing indebtedness a valuable consideration for an instrument payable on demand or at a future time. The note and mortgage from Johnson to the First International Bank are instruments payable on demand and come within the terms of § 6910. The record does not clearly show in what manner the indebtedness of Johnson to the Forest City National Bank was to be paid, whether on demand or at some future time.

The following question was asked Mr. Isaacs:

Q. Can you now state what Mr. Johnson was owing to the Forest City National Bank from the 13th day of May, 1910, the amount, and in what form it was?

A. After refreshing my memory from the books, I find that he was owing at that time notes as follows: One for $250, one for $572.40, one for $2,000, one for $950, one for $700, and one for $1,000; total $5,472.40.

The total amount represented the face of the notes and did not include any interest, and it would appear from such testimony that the notes must have been due or past due.

R. W. Stephenson, who was vice president of the Forest City National Bank during 1912, 1913, and 1914, testified as follows:

Q. Mr. Stephenson, what can you say of your own knowledge as an officer of the bank as to whether or not M. J. Johnson was owing the Forest City National Bank during the time you were one of the officers thereof?

A. He was indebted to the bank during all of the time that I was one of the officers.

Q. And in about what amount as near as you can recollect?

A. That was about $5,500.

Q. While you were an officer of the bank did you take renewals of notes from Mr. Johnson?

A. Yes, sir. I did.

Q. I will ask you to examine the papers marked by the numbered exhibits, numbers 2, 3, 4, 5, 6, 7, and 8, and ask you to state what they are.

A. These are notes representing Mr. M. J. Johnson's indebtedness to the Forest City National Bank, February 24, 1915.

Q. Do you know, Mr. Stephenson, how the particular notes represented by these exhibits came to be taken?

A. Note marked exhibit 2 was taken in renewal of a similar note executed by M. J. Johnson owing to the bank, which note bore Emil Johnson's indorsement. Exhibits 3 to 8 inclusive were taken in renewal of M. J. Johnson's indebtedness to the bank, including accrued interest.

Q. What do you say, Mr. Stephenson, with reference to the indebtedness of Mr. M. J. Johnson to the Forest City National Bank on the 24th day of February, 1915, as being represented by exhibits numbered 2 to 8 inclusive? Did that represent all of his indebtedness or not, as you recollect?

A. It did.

Q. What do you say, Mr. Stephenson, as to the notes marked exhibits 2 to 8 inclusive? Were they or were they not taken in renewal of previous indebtedness by deed, exhibit 7?

A. They were.

In all this testimony, there is nothing to show but that all the indebtedness from Johnson to the Forest City National Bank was past due at the time of the delivery of the deed given to secure such indebt-

edness. There is testimony tending to show that renewals of such indebtedness were taken from time to time, and there are several of such notes in evidence; one note for $1,000 bearing the date, January 24, 1913, and four notes for $1,000 each bearing date February 24, 1915, and two other small notes of the same date, one for $248.95 and one for $321.28. From all of the testimony on behalf of the Forest City National Bank, it does not appear that any new note or notes payable on demand or at a future time were executed and delivered by Johnson to the Forest City National Bank at the time of the execution of the deed or mortgage to it, nor does it appear that such indebtedness was not then past due. All of such testimony rather tends to show that the deed or mortgage to the Forest City National Bank was taken to secure indebtedness to it, then past due. Johnson gave this bank a mortgage which, as we view it, had no other consideration than the past-due antecedent and pre-existing indebtedness from Johnson to this bank. They took no instrument representing such past due indebtedness payable on demand or at a future time, and it has not brought itself within the provisions of 6910. It would thus appear the Forest City National Bank is not a purchaser for value, and is not entitled to protection as a purchaser for value. The Forest City National Bank took the deed, which was in fact a mortgage, from Johnson to secure the indebtedness to it, and there is nothing to show an extension of time of payment, no new instrument payable on demand or at a future time, and it is not a purchaser for value, and its mortgage is subordinate to that of the First International Bank of South Bend, Washington. If it were conceded, however, that the Forest City National Bank was a purchaser for value, and that, at the time of the execution of the mortgage to it, the indebtedness from Johnson to it was not then due, or if new notes were taken from Johnson for the indebtedness due to it at the time it received the deed, this mortgage would nevertheless remain subordinate to that of the First International Bank, for the mortgage to the Forest City National Bank did not legally become of record until the 19th day of May, 1914, as we have above shown, while the mortgage to the First International Bank was fully recorded on the 10th day of December, 1912, and from that time became a valid and subsisting lien against the land in question and entitled the holder of such mortgage to all the rights and privileges of a purchaser

for value. The trial court found, and we think properly, that at the time the First International Bank received its mortgage from Johnson, it did not have actual notice or knowledge of the prior mortgage or deed in favor of the Forest City National Bank. The mortgage to the First International Bank of South Bend, Washington, while a contract entered into between Johnson and the bank in the state of Washington, is a contract affecting and relating to real property within this state; and, as we view it, should be construed in accordance with the laws of this state relative thereto.

It is held that that part of the trial court's 7th finding of fact, which finds to the effect that the register of deeds accepted the deed in question for record, intending to waive his right to have his fee paid in advance of recording the deed, is erroneous, and not justified by the evidence.

Judgment appealed from is reversed, and the case is remanded to the lower court for further proceedings in harmony with this opinion. Appellant is allowed statutory costs on appeal.

CHRISTIANSON and ROBINSON, JJ., concur in the result.