[File No. 6321.]

TRAILL COUNTY, NORTH DAKOTA, a Public or Municipal Corporation of the State of North Dakota, Respondent, v. G. A. MOACKRUD, O. P. Satrom, Oliver Nimock and O. E. Moe, Appellants.

(260 N. W. 821.)

Opinion filed May 4, 1935.

*J. E. Hendrickson,* for appellants.

*W. M. Backstrom,* State's Attorney, for respondent.

CHRISTIANSON, J. The plaintiff brought this action to recover upon a promissory note alleged to have been executed and delivered by the defendants to the plaintiff. In their answer the defendants admit that they executed the note but deny that they received any consideration therefor. The case was tried to the court without a jury and resulted in a judgment in favor of the plaintiff and against the defendants, Moackrud, Satrom and Nimock, and these defendants have appealed from the judgment.

There is no dispute in the evidence. The defendants, Moackrud, Satrom, and Nimock were directors of the Galesburg State Bank. The Galesburg State Bank was designated a depository of the plaintiff county, and on January 18, 1928, the said defendants, as sureties, executed a depository bond, which the Galesburg State Bank furnished to the plaintiff. This bond was in the usual form and provided, among other things, that the said Galesburg State Bank should well and truly account for and pay over to the said Traill county or to its order on demand all moneys so deposited with it as a county depository. Later the Galesburg State Bank became insolvent and was closed. At that time the plaintiff county had on deposit with such bank the sum of $7,595.68. Thereafter a meeting was held, attended by the county commissioners of Traill county and the appellants. At that meeting a written agreement was entered into, signed by the appellants and by the plaintiff county by the chairman of its board of county commissioners and its county auditor. Such written agreement recited that the appellants had executed the depository bond as sureties for the Galesburg State Bank; that the bank had become insolvent and had failed to pay the moneys deposited with it by the plaintiff county; that the plaintiff was about to commence suit against the appellants as sureties on the depository bond. The written agreement, also, contained the following provisions:

"Said parties of the second part agree with said party of the first part in consideration of said party of the first part to delaying commencement of suit to enforce collection of said sums until December 1st, 1931, that said parties of the second part will pay said party of the first part their full liability under said bond hereinbefore referred to, which said liability they each severally hereby acknowledge to be in the sum of Seven Thousand Five Hundred Ninety-Five and 68/100 Dollars and for which amount said parties of the second part have on even date herewith executed a promissory note payable to Traill County, North Dakota on or before December 1st, 1931.

"Further said parties of the second part agree that they and neither of them will between now and the 1st day of December, 1931, transfer any of their property of any nature or description without first giving notice in writing to first party herein, said notice to be given to the county auditor of Traill county, North Dakota.

"It is agreed by party of the first part hereto, in consideration of the faithful performance of the covenants of the parties of the second part by them to be kept and performed as hereinbefore stated, that said party of the first part will forbear bringing suit against parties of the second part on the bond hereinbefore described until December 1st, 1931.

"And said party of the first part further agrees that upon the payment of the note given by said parties of the second part which note is hereinbefore referred to and by reference made a part hereof, said party of the first part will assign to the parties of the second part hereto all its rights and interest in the bond hereinbefore referred to.

"Said party of the first part further agrees that all dividends which may be paid by the receiver of the Galesburg State Bank prior to December 1st, 1931 in liquidation of the claim of the said party of the first part against the Galesburg State Bank and said second parties hereto, will be credited and endorsed upon the note which said parties of the second part have given to said first party."

The note involved in this suit is the one referred to in such written agreement. The note bore interest at the rate of one and one-half per cent per annum.

Under the undisputed facts in this case there can be no question but that at the time the note in suit was executed and delivered by the appellants to the plaintiff the plaintiff had a cause of action against

the appellants here on the depository bond for the full amount of the principal of the note in suit.

The first contention advanced by the appellants is that there was no consideration for the note. This contention is without merit. At the time the note was executed and delivered there was outstanding against the appellants in favor of the plaintiff a claim then due and payable upon the depository bond for the full amount of the note. By executing and delivering the note appellants obtained an extension of the time for payment of this claim of more than one year and at a rate of interest much less than that which the plaintiff would have been entitled to recover as a matter of course if suit had been brought upon the bond and judgment taken.

It is also contended that it has not been shown that the Galesburg State Bank had been designated a depository for county funds in the manner provided by law and that, consequently, it does not appear that there was any liability on the bond or any consideration for the note. This contention is, also, without merit. It is presumed that the county officers regularly performed their duty and that the bank was duly designated a depository in the manner provided by law. The bond recites that it was designated such depository. It is undisputed that the plaintiff county actually placed on deposit in the Galesburg State Bank certain funds and that at the time the bank closed there was on deposit therein funds so deposited belonging to the county in the sum for which the note was given. Under the evidence there is no room for doubt but that the depository bond covered this deposit and that the sureties on the bond were liable therefor. School Dist. v. Stomberg, 61 N. D. 6, 236 N. W. 728; note in 18 A.L.R. 276. Under the undisputed facts established in this case it is obvious that the appellants received a valuable consideration for the note. Northern Trading Co. v. Drexel State Bank, 37 N. D. 521, 164 N. W. 151; Hanson v. Johnson, 42 N. D. 431, 177 N. W. 452; Citizens' State Bank v. Skeffington, 50 N. D. 494, 196 N. W. 953; 3 R. C. L. p. 940; Kahn v. Waldman, 283 Mass. 391, 186 N. E. 587, 88 A.L.R. 699, 701.

It is next contended that the county commissioners of the plaintiff county were without authority to compromise the obligation against the sureties on the depository bond and to accept the note in settlement thereof. In the circumstances of this case the contention is rather

unusual. At the time the note was taken the county had a cause of action against the appellants for the full amount of the note. It might have instituted action and obtained judgment, but the county commissioners refrained from instituting action and made an agreement with the appellants whereby the county agreed to extend the time of payment. A note for the amount of the indebtedness was executed and delivered in accordance with such agreement. That note has matured. It is past due. So far as the plaintiff county is concerned the agreement has been performed. The appellants have obtained the full benefit of it. They are clearly indebted to the plaintiff for the full amount of the note. It seems that if any objection could be taken to the action of the county commissioners of Traill county it would be that they were too lenient with the appellants. Maybe they should have refrained from giving an extension and brought suit promptly to enforce the obligation against the appellants. But the plaintiff county does not, nor does anyone speaking, or authorized to speak, in its behalf, present any such objection. Obviously the appellants are in no position so to do. That county commissioners have power to grant an extension of payment of a claim against sureties on a depository bond where the best interests of the county so require is hardly an open question in this state. In Frazier v. Schultz, 54 N. D. 253, 209 N. W. 373, this court had occasion to consider a case where the county became a party to a plan for the re-organization of a closed bank in which county funds were on deposit. As a part of the plan of re-organization it was agreed that the money on deposit in a bank that assumed liability for deposits in the closed banks should remain on deposit for certain definite periods of time, i. e., time of payment was extended. It was further agreed that pending actions brought by the county against the sureties on the depository bonds in the closed banks should be continued. It was contended in that case "that it was the duty of the county commissioners to press the actions pending against the sureties upon the depository bonds to final determination and enforce whatever judgments might be obtained against such sureties, and that the county commissioners had no authority to enter into an arrangement in the nature of a compromise until all remedies against the sureties had been exhausted." In disposing of that contention this court said, in part:

"County commissioners are vested with the general management of the fiscal affairs of the county. N. D. Const. § 172; Comp. Laws 1913, § 3276; State ex rel. Wiles v. Albright, 11 N. D. 22, 27, 88 N. W. 729; Hagler v. Kelly, 14 N. D. 218, 103 N. W. 629. They have power to institute and prosecute·civil actions for and on behalf of and in the name of the county and to make orders respecting county property. Comp. Laws 1913, § 3273; State ex rel. Wiles v. Albright, 11 N. D. 22, 27, 88 N. W. 729. In absence of express or implied inhibition, the power to sue carries with it by necessary implication authority to make reasonable and honest compromises of suits authorized to be brought. 5 McQuillin, Mun. Corp. § 2379; State v. Davis, 11 S. D. 111, 114, 75 N. W. 897, 74 Am. St. Rep. 780; Washburn County v. Thompson, 99 Wis. 585, 75 N. W. 311; Hagler v. Kelly, 14 N. D. 218, 103 N. W. 629. The statutes of this state relating to the powers of the county commissioners contain no express or implied inhibition upon the power to compromise and the existence of such power has been specifically recognized in the decisions of this court. See Hagler v. Kelly, supra. Of course, it goes without saying, the board of county commissioners may not under guise of a compromise surrender valuable rights or interests in claims against solvent and responsible individuals where there is no substantial controversy as to their liability; but there is no contention that that was the situation here. In the institution and prosecution of actions to enforce claims in favor of the county, the county acts through its board of county commissioners, and it would, indeed, be a somewhat strange policy if those authorized to institute an action must necessarily go through with it to the bitter end, even though a compromise were offered which would be much more advantageous to the county. State v. Davis, 11 S. D. 111, 114, 75 N. W. 897, 74 Am. St. Rep. 780. Certainly it should not be assumed that the legislature intended to establish any such policy as regards the management of the fiscal affairs of the county, unless that intention has been clearly expressed." 54 N. D. 260, 261, 209 N. W. 373.

This language and reasoning are directly applicable here. We are agreed that the county commissioners of Traill county did have authority to grant an extension of time of payment of the claim against the sureties on the depository bond when, in their judgment, it was to the

best interest of the county so to do. Whether in this case the county commissioners acted wisely or unwisely, whether they were too considerate of the appellants, is not a matter for determination here. If any injury was wrought by such extension it was to the county, clearly it was not to the injury of the appellants. They were the beneficiaries of the arrangement which the county commissioners made and in good faith carried out. The appellants will, of course, be entitled to have credited upon the judgment any dividends that the plaintiff heretofore may have received, or may receive hereafter, from the receiver of the Galesburg State Bank.

Judgment affirmed.

BURKE, Ch. J., and BURR, NUESSLE and MORRIS, JJ., concur.